891 So.2d 1127 (2004)
A. GRIFFIN and Soneet R. Kapila, as Trustee of the Bankruptcy Estate of Earnest P. Neal, Appellants,
v.
CITY OF OPA LOCKA, Florida, Appellee.
No. 3D04-165.
District Court of Appeal of Florida, Third District.
December 29, 2004.
Rehearing Denied February 4, 2005.
*1128 Akerman Senterfitt and Ellen C. Freidin, Miami, for appellants.
Johnson, Anselmo, Murdoch, Burke, Piper McDuff, Michael T. Burke and Tamara M. Scrudders (Ft. Lauderdale), for appellee.
Before GERSTEN, and FLETCHER, JJ., and HARRIS, CHARLES W., Senior Judge.
FLETCHER, Judge.
A. Griffin sued the City of Opa Locka and Earnest P. Neal, the City Manager, in federal district court for sexual harassment under 42 U.S.C. § 1983, and sexual assault (rape) under 42 U.S.C. § 13981, among other claims. On a jury verdict the court entered judgment awarding Griffin $500,000 for the sexual harassment and $1.5 million for the rape. Neal and the City appealed. The federal Eleventh Circuit Court of Appeals reversed the $1.5 million judgment as to the City for the sexual assault under § 1983 but affirmed in all other respects. Griffin v. City of Opa-Locka, 261 F.3d 1295 (11th Cir.2001).
Griffin attempted to collect against Neal, but he declared bankruptcy, and Neal's entitlement to have the City pay the judgment against him became an asset of the bankruptcy estate. The bankruptcy trustee, Soneet R. Kapila, joined Griffin in looking to the City for payment of the judgment, filing suit in state circuit court to compel the City to pay the civil rights judgment under Section 111.071(1)(a), Florida Statutes (2003). The trial court granted the City's motion for summary judgment and for final judgment. Griffin and Kapila appealed.
Section 111.071(1)(a), Florida Statutes (2003), provides:
"If the action is a civil rights action arising under 42 U.S.C. s.1983, or similar federal statutes, payments for the full amount of judgment may be made unless the officer, employee or agent has been determined in the final judgment to have caused the harm intentionally." [e.s.]
When the jury in the federal civil rights trial determined that Neal raped Griffin  an act which is per se intentional and harmful  then the final judgment made such a determination of intentional harm which satisfies the language of section 111.07(1)(a). It certainly meets the statutory intent, which is to prohibit the expenditure of public funds for intentional, harmful conduct by city officials, employees and agents. It would be absurd for the City to finance rape.
Affirmed.