DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF MIRAMAR,**
a Florida municipal corporation,
Appellant,

v.

**DONALD SPADARO,**
as limited guardian for **ANTHONY CARAVELLA,**
Appellee.

No. 4D2023-2194

[July 17, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE 22-012224.

Michelle Austin Pamies of Austin Pamies Norris Weeks Powell, PLLC, Fort Lauderdale, for appellant.

Barbara Ann Heyer of Heyer & Associates, P.A., Pembroke Pines, for appellee.

GERBER, J.

The city appeals from the circuit court's final judgment in the guardian's favor on the guardian's actions for a declaratory judgment and writ of mandamus. The circuit court's final judgment had ordered the city to satisfy a federal court 42 U.S.C. § 1983 civil rights judgment which the guardian had obtained against two former city police officers, whom a jury had found liable for intentionally violating the ward's constitutional rights.

The city primarily argues the circuit court was prohibited from ordering the city to pay the federal court judgment against the two officers because section 111.071(1)(a), Florida Statutes (2014), prohibits a municipality from paying a 42 U.S.C. § 1983 civil rights judgment where an officer "has been determined in the final judgment to have caused the harm intentionally," as the federal court jury here had determined.

We agree with this argument. We therefore reverse the circuit court's final judgment ordering the city to satisfy the 42 U.S.C. § 1983 civil rights judgment which the guardian had obtained against the officers.

### ***Procedural History***

The guardian's 2011 federal court action against the officers and the city arose from the officers' numerous violations of the ward's constitutional rights in 1983 and 1984, leading to the ward's arrest, conviction, and imprisonment for a victim's murder, for which the ward was exonerated and freed in 2010. The guardian's action alleged 42 U.S.C. § 1983 civil rights claims against the officers for violating the ward's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. 42 U.S.C. § 1983 pertinently provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (2011).

More specifically, the guardian's 42 U.S.C. § 1983 civil rights claims against the officers pertinently alleged:

> The prosecution was instigated and continued as a result of [the officers'] ***intentional*** acts of providing false information, false sworn affidavits, false documents, false reports and false evidence to the criminal courts, the prosecutors, [the ward's] criminal defense counsel, and the public, thereby knowingly or recklessly disregarding the rights of [the ward].

(emphasis added; paragraph number omitted).

The guardian alleged separate claims against the city—state tort claims for negligently hiring, supervising, and/or retaining the officers, and a 42 U.S.C. § 1983 civil rights claim. The guardian's 42 U.S.C. § 1983 civil rights claim against the city pertinently alleged:

> [The city] permitted and tolerated [the officers'] acts and thereby caused a pattern and practice of unjustified, unreasonable and illegal false arrests, detentions and/or prosecutions by [city] police officers … against members of the public, including [the ward], which violated their Fourth, Fifth, Sixth and Fourteenth Amendment rights[.]
>
> …
>
> The foregoing acts, omissions, policies or customs of [the city] caused officers, including [the officers in the instant case], to believe that acts such as unlawful seizures and/or detentions, and/or arrests and/or prosecutions, among other things, would not be properly investigated, with the foreseeable result that officers, including [the offices in the instant case], were more likely to make unlawful seizures and/or detentions and/or arrests and/or prosecutions and/or commit criminal acts.
>
> [The ward] has been a victim of said abuses of lawful authority, and said illegal acts were the foreseeable result of the previously described acts, omissions, policies or customs of [the city].

(paragraph numbers omitted).

The federal court ultimately granted summary judgment in the city's favor on the guardian's negligent hiring claim and 42 U.S.C. § 1983 civil rights claim against the city. In granting summary judgment in the city's favor on the guardian's 42 U.S.C. § 1983 civil rights claim, the federal court pertinently found:

> A municipality cannot be held liable under [42 U.S.C. § 1983] for the acts of its employees on a theory of respondeat superior. To impose [42 U.S.C. § 1983] liability on a municipality, a plaintiff must identify a municipal policy or custom that caused his injuries. A court may hold the municipality liable only if its custom or policy caused the municipal employees to violate a citizen's constitutional rights. To establish [42 U.S.C. § 1983] liability against a municipality based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of

3

law. A municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct. ... Thus, a municipality may be liable for constitutional deprivations resulting from governmental custom, even where such custom has not received formal approval through official decision-making channels.

Inadequate police training may create liability for a municipality if the inadequate training arises from deliberate indifference to those with whom the police interact. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. To establish deliberate indifference, a plaintiff must show a pattern of improper training and that the municipality was aware of its training program's deficiencies. A municipality may similarly be liable under [42 U.S.C. § 1983] for failure to supervise.

... [Here, the guardian] has failed to present evidence which establishes deliberate indifference. ...

...

... [T]he alleged misconduct of [the officers] in 1983-84 is insufficient to establish that the [c]ity ... had a custom or policy of failing to supervise and discipline its officers. Both the [United States] Supreme Court and Eleventh Circuit [Court of Appeals] are clear that a single incident of constitutional violations is not sufficient to establish deliberate indifference. Because [the guardian] has not presented any evidence other than what occurred in [the ward's] case which meets the stringent standard of proof necessary to establish deliberate indifference, summary judgment is appropriate for [the city] on this claim.

(internal citations and quotation marks omitted).

The federal court later conducted a jury trial on the guardian's remaining 42 U.S.C. § 1983 civil rights claims against the officers under the Fourth, Fifth, and Fourteenth Amendments only, and the guardian's remaining negligent supervision and/or retention claim against the city.

4

At the close of evidence, the federal court granted judgment as a matter of law in the city's favor on the guardian's negligent supervision and/or retention claim against the city.

The federal court's jury instructions on the 42 U.S.C. § 1983 civil rights claims against the officers required the following findings, among others, for liability to attach:  for the Fourth Amendment claim, the officers "intentionally" committed acts that violated the ward's federal constitutional right not to be prosecuted for the victim's murder; for the Fifth Amendment claim, the officers "intentionally" violated the ward's constitutional right not to be a witness in a criminal case against himself; and for the Fourteenth Amendment claim, the officers possessed, yet "intentionally" suppressed, evidence from the prosecution.

The jury found in the ward's favor on his Fourth, Fifth, and Fourteenth Amendment claims.  The federal court entered final judgment in the guardian's favor on the guardian's 42 U.S.C. § 1983 civil rights claims against the two officers.

The federal court entered final judgment in the city's favor on all claims which the guardian had brought against the city.  The final judgment specifically stated:  "Judgment is hereby entered in favor of [the city] … and against [the guardian].  [*The guardian*] *shall recover nothing from* [*the city*] *… in this matter.*" (emphases added).

On the guardian's appeal of the federal court's summary judgment in the city's favor on the guardian's 42 U.S.C. § 1983 claim, and the federal court's grant of judgment as a matter of law in the city's favor on the guardian's negligent supervision and/or retention claim, the federal Eleventh Circuit Court of Appeals found no reversible error in the rulings, and affirmed the final judgment in the city's favor. *Spadaro v. City of Miramar*, 591 Fed. Appx. 906, 907-08 (11th Cir. 2015).

Despite the federal court's final judgment in the city's favor on all claims which the guardian had brought against the city, and despite the federal Eleventh Circuit's affirmance of the final judgment in the city's favor, the guardian, in 2022, filed a state court action seeking a declaratory judgment and writ of mandamus to require the city to pay the federal court judgment against the two officers.

The guardian and the city filed cross-motions for summary judgment on the guardian's declaratory judgment and mandamus actions.  The circuit court denied the city's summary judgment motion, and granted the guardian's summary judgment motion.  The circuit court's final judgment

and writ of mandamus ordered the city to pay the federal court judgment against the two officers.

This appeal followed. The city primarily argues the circuit court was prohibited from ordering the city to pay the federal court judgment against the two officers because section 111.071(1)(a), Florida Statutes (2014), prohibits a municipality from paying a 42 U.S.C. § 1983 civil rights judgment where an officer "has been determined in the final judgment to have caused the harm intentionally," as the federal court jury had determined.

### *Our Review*

Applying de novo review, we agree with the city's argument. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) (standard of review of summary judgment is de novo); *Reform Party of Fla. v. Black*, 885 So. 2d 303, 310 (Fla. 2004) ("An order in a declaratory judgment action is generally accorded a presumption of correctness on appellate review. However, to the extent that the decision rests on a question of law, the order is subject to full, or de novo, review on appeal.") (internal citation omitted); *Bd. of Cnty. Comm'rs Broward Cnty. Fla. v. Parrish*, 154 So. 3d 412, 417 (Fla. 4th DCA 2014) ("While the granting of a writ of mandamus petition is typically reviewed for an abuse of discretion, to the extent our decision turns on statutory interpretation, we apply a *de novo* standard of review.") (citations and internal quotation marks omitted).

"A party seeking declaratory relief must show:  there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation[;] and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity." *Coalition for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996) (indentation, some internal brackets, and citation omitted).

"To be entitled to mandamus relief, the petitioner must have a clear legal right to the requested relief, the respondent must have an

indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." *Pleus v. Crist*, 14 So. 3d 941, 945 (Fla. 2009) (citation and internal quotation marks omitted).

Here, although the guardian sufficiently pled claims for a declaratory judgment action and a mandamus action, the guardian did not show, as a matter of law, that he was entitled to the declaratory relief and mandamus relief which he had requested.

Specifically, the guardian did not show that he had a clear legal right to the city's payment of the federal court judgment against the two officers, nor did the guardian show the city had an indisputable legal duty to pay the federal court judgment against the two officers. On the contrary, the city showed section 111.071(1)(a), Florida Statutes (2014), clearly prohibited the city from paying, and thus prohibited the circuit court from ordering the city to pay, the federal court judgment against the two officers.

Section 111.071(1)(a), Florida Statutes (2014), pertinently provides:

> (1) Any county, municipality, political subdivision, or agency of the state which has been excluded from participation in the Insurance Risk Management Trust Fund is authorized to expend available funds to pay:
>
> (a) Any final judgment, including damages, costs, and attorney's fees, arising from a complaint for damages or injury suffered as a result of any act or omission of action of any officer, employee, or agent in a civil or civil rights lawsuit described in s. 111.07. ... *If the action is a civil rights action arising under 42 U.S.C. s. 1983, or similar federal statutes, payments for the full amount of judgment **may** be made, **unless the officer**, employee, or agent **has been determined in the final judgment to have caused the harm intentionally**.*

§ 111.071(1)(a), Fla. Stat. (2014) (emphases added).

Here, the guardian's 42 U.S.C. § 1983 civil rights claims alleged the officers' violation of the ward's rights under the Fourth, Fifth, and Fourteenth Amendments were "***intentional***." Further, the federal court's jury instructions on each of those three alleged constitutional rights violations required the jury to find that the officers acted "intentionally" for liability to attach. Because the jury found the officers liable on all three constitutional rights claims, the jury necessarily found the officers to have

7

"caused the harm ***intentionally***" to the ward. § 111.071(1)(a), Fla. Stat. (2014) (emphases added).

In turn, because the officers were found to have "caused the harm ***intentionally***" to the ward, section 111.071(1)(a) prohibited the city from paying, and thus prohibited the circuit court from ordering the city to pay, the 42 U.S.C. § 1983 civil rights judgment which the guardian had obtained against the officers.

*Griffin v. City of Opa-Locka*, 891 So. 2d 1127 (Fla. 3d DCA 2004), is instructive. In *Griffin*, the Third District affirmed a circuit court judgment finding a city was prohibited from paying a 42 U.S.C. § 1983 federal court judgment against a city employee where the federal court judgment had found the city employee to have intentionally caused the harm to the victim. *Id.* at 1128. The Third District pertinently reasoned:

> When the jury in the federal civil rights trial determined that [the city employee] raped [the victim]—an act which is per se intentional and harmful—then *the final judgment made such a determination of **intentional** harm which satisfies the language of section 111.071(1)(a)*. It certainly meets the statutory intent, which is to prohibit the expenditure of public funds for intentional, harmful conduct by city officials, employees and agents.

*Id.* (emphases added).

Here, the circuit court, in its final judgment denying the city's summary judgment motion and granting the guardian's summary judgment motion, incorrectly held section 111.071(1)(a) "would **not**" prevent the city from paying the 42 U.S.C. § 1983 civil rights judgment which the guardian had obtained against the officers. (emphasis in original). In support of that incorrect holding, the circuit court's final judgment incorrectly stated: "This issue was addressed and definitively answered by the trial court and affirmed by the [Fourth District] in the matter of *Pierson and Mantesta v. Lloyds of London*, Case No. 16-012896, rev. on other grounds in *Certain Underwriters at Lloyd's v. Pierson*, 322 So. 3d 106 (Fla. 4th DCA 2021)." (emphases added). The circuit court's final judgment further misread *Pierson* by stating: "The [Fourth District] did not find that [the two officers'] actions specifically intended to cause the harm which would have allowed for the application of the [intentional act] exclusions raised by [the city's insurer]."

8

Contrary to the circuit court's misreading of *Pierson*, we never addressed, much less affirmed, this issue. In *Pierson*, the two officers sued the city's insurer for failing to indemnify them in the guardian's federal court action. *Id.* at 107. The circuit court entered summary judgment in the officers' favor, concluding the insurance policies were triggered because the ward's damages extended into the policy periods. *Id.* On appeal, the insurer argued "it had no duty to indemnify the [o]fficers for two reasons: (1) the issued policies were not in effect when the misconduct occurred; and (2) *the policies expressly excluded coverage for **intentional acts**.*" *Id.* (emphases added). Alternatively, the insurer argued, if it had a duty to indemnify, the circuit court failed to conduct an evidentiary hearing to determine the correct damages amount. We held, in sum:

> Finding merit in the [i]nsurer's argument that it did not have a duty to indemnify because the misconduct did not occur during the policy periods, we reverse and remand for entry of summary judgment in favor of the [i]nsurer. *In light of our holding, the other issues before this Court are moot and **will not be addressed**.*

(emphases added).

## *Conclusion*

Based on the foregoing, we reverse the circuit court's final judgment and quash the circuit court's writ of mandamus ordering the city to satisfy the 42 U.S.C. § 1983 civil rights judgment which the guardian had obtained against the officers. Further, because the guardian exhausted any possible actions against the city in the federal court and the federal Eleventh Circuit Court of Appeals, we direct the circuit court to enter a final judgment in the city's favor on the guardian's actions for a declaratory judgment and writ of mandamus against the city.

*Final judgment reversed; writ of mandamus quashed; remanded with directions.*

CIKLIN and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

9